UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC SANTIFER,

        Plaintiff,           Case No. 5:15-cv-11486
                                District Judge Judith E. Levy
v.                                Magistrate Judge Anthony P. Patti

INERGY AUTOMOTIVE
SYSTEMS, LLC. *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL (DE 32)

      Plaintiff, Eric Santifer, who is proceeding without the assistance of counsel, filed a document he titled "Plaintiff's Dispositive Motion to Compel the Court to Continue Claims/Complaints Against the Defendants" on May 31, 2016.  (DE 28.) In his motion, Plaintiff asserts that Defendants have failed to provide responses to his interrogatories and documents responsive to his requests for production of documents.  Specifically, he contends that Defendants have not provided personnel files, documentation related to his employment, and training documents.  In addition, Plaintiff provides a brief description of his case and notes that because Defendants "failed to comply with Plaintiff's Interrogatories and Production of

Document Requests," they should be barred from introducing certain evidence into the record. (Id. at 4.)

Defendants filed their motion for summary judgment on May 31, 2016. (DE 29.) On June 2, 2016, Defendants filed a motion to strike Plaintiff's motion to compel, arguing that the motion to compel was filed because defense counsel notified Plaintiff that they would be filing a dispositive motion. Defendants assert that Plaintiff's motion is more properly filed as a response to their motion for summary judgment. Defendants also contend that Plaintiff's motion to compel is untimely, noting that discovery closed on February 9, 2016. Finally, Defendants object to Plaintiff's attempt to limit evidence at trial at this time.

On June 23, 2016, Plaintiff filed a response to Defendants motion, in which he admits that his motion to compel was not filed properly as a dispositive motion, and indicates that he will respond to Defendants' motion for summary judgment. (DE 36.) Plaintiff timely filed his response to the motion for summary judgment on July 5, 2016. (DE 37.)

The Court will construe Plaintiff's motion, despite its unartful title, as a motion to compel. Although Plaintiff does, to some extent, attempt to argue the substantive merits of his case, the Court cannot ignore the information contained on pages 1-2 of his motion, in which he points to specific discovery requests and asserts that he did not receive responses. Accordingly, despite the nomenclature

used, Plaintiff's motion is not dispositive and will not be treated as such. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (The Court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers.").

Accordingly, Defendants' motion to strike is **DENIED**. The Court will hear Plaintiff's motion to compel, specifically the assertions made on pages 1-2 that Defendants have failed to respond to interrogatories and to produce documents requested, as planned on July 26, 2016 at 10:00 a.m. (DE 31.) Defendants may file a response to Plaintiff's motion to compel **ON OR BEFORE JULY 22, 2016**. Alternatively, Defendants may rely on sections II and III of their motion to strike, which address the merits of Plaintiff's motion to compel.

**IT IS SO ORDERED.**

Dated: July 14, 2016        s/Anthony P. Patti
                            ANTHONY P. PATTI
                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 14, 2016, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti