UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC SANTIFER,

        Plaintiff,

v.

INERGY AUTOMOTIVE
SYSTEMS, LLC. *et al.*,

        Defendants.

_____/

Case No. 5:15-cv-11486
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DE 28) AND CANCELLING FINAL PRETRIAL CONFERENCE

**I.    Background**

Plaintiff, Eric Santifer, who is proceeding without the assistance of counsel, filed a document he titled "Plaintiff's Dispositive Motion to Compel the Court to Continue Claims/Complaints Against the Defendants" on May 31, 2016. (DE 28.)[1] In his motion, Plaintiff asserts that Defendants have failed to provide responses to his interrogatories and documents responsive to his requests for production of documents. In addition, Plaintiff provides a brief description of his case and notes that because Defendants "failed to comply with Plaintiff's Interrogatories and

---

[1] Despite the title, the Court construed the document as a motion to compel and not as a dispositive motion. (DE 41.)

Production of Document Requests," they should be barred from introducing certain evidence into the record. (Id. at 4.)

On June 1, 2016, the Court noticed a hearing on this matter for July 26, 2016 at 10:00 a.m. (DE 31.) The notice was served on Plaintiff at his private address in Ypsilanti, Michigan. On July 26, 2016, Plaintiff failed to appear for the hearing. He did not attempt to contact the Court, either by telephone or by filing any motion or notice on the docket. The Court tried to reach Plaintiff, at the phone number listed on the docket, at around 10:15 a.m. Plaintiff did not answer and his phone did not allow my case manager to leave a voicemail. The hearing began at 10:26 a.m., with only Defendant's counsel in attendance.

At 11:00 a.m., Plaintiff arrived for the hearing. He explained that, although he received the notice for the hearing on the instant motion, which was scheduled for 10:00 a.m. (DE 31), he also received a notice for a hearing on a second motion, which was scheduled for 11:00 a.m. (DE 38.) However, in an order issued on July 13, 2016, the Court already denied the motion to strike (DE 32) on the papers, cancelled the 11:00 a.m. hearing for that motion only, and specifically stated that it would "hear Plaintiff's motion to compel . . . as planned on July 26, 2016 at 10:00 a.m." (DE 41 at 3.) After today's hearing had already concluded in his absence, Plaintiff acknowledged his misunderstanding and updated the Clerk's Office with his correct address and phone number.

2

## II. Analysis

### A. Motion to Compel

I conclude that Plaintiff's motion to compel is untimely filed. Discovery in this matter closed on February 9, 2016, and neither party has requested an extension of that deadline. In my initial scheduling order, I stated the following with respect to discovery deadlines: "This Court will not order discovery to take place after the discovery cutoff date." (DE 18.) Plaintiff filed the instant motion to compel on May 31, 2016, the day after the dispositive motion cut-off. (DE 27 and 28.)

Although motions to compel do not need to be filed before the discovery cut-off date, the Court has discretion to deny such motions as untimely. This district has repeatedly noted that "there is no authority that automatically precludes the filing of a motion to compel discovery after the close of discovery . . . ." *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002); *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 07-cv-15324, 2010 WL 4901181, at *5 (E.D. Mich. Nov. 24, 2010) (ruling on the merits of a motion to compel filed after the close of discovery after taking "the circumstances of the discovery and other matters into consideration" and finding the timeliness issue waived).

Federal Rule of Civil Procedure 37 "provides no deadline for filing of a motion to compel." *Suntrust*, 210 F.R.D at 201 n. 5. Instead, such motions are analyzed under the good cause standard outlined in Rule 16(b). *Id.* Here, Plaintiff has not shown good cause for filing his motion nearly four months after the close of discovery and one day after the dispositive motion deadline. Defendant timely and cooperatively responded to the discovery requests at issue on March 3, 2016 and supplemented those responses on March 22, 2016, meaning that Plaintiff was aware of any alleged discovery issues, *at the latest*, over two months before he filed his motion. *See Ginett v. Federal Express*, 166 F.3d 1213 (6th Cir. 1998) (affirming the district court's denial of a motion to compel as untimely where the motion was filed two months after the close of discovery, even though the moving party had all of the information it needed to timely file the discovery motion); *Choate v. Nat'l RR Passenger Corp.*, 132 F. Supp. 2d 569, 574 (E.D. Mich. 2001) (finding a motion to compel untimely where it was filed 3.5 months after the close of discovery and the moving party failed to promptly enforce its discovery rights); *VCA Clinipath Labs, Inc. v. Progressive Pet Animal Hosps., P.C.*, No. 11-cv-12237, 2013 WL 140916, at *3 (E.D. Mich. Jan. 11, 2013) (emphasizing that a motion to compel was untimely filed nine months after the close of discovery where the plaintiff "knew it sought the emails in the instant motion as early as February 2012.").

Moreover, Plaintiff makes no showing that he is unable to respond to the pending motion for summary judgment without the requested discovery, and in fact has responded to it, with no mention of the allegedly missing information. (DE 37.)

Finally, Plaintiff's motion fails to comply with the Eastern District of Michigan Local Rule 37.2, which states:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

Plaintiff did not include a verbatim recitation of each discovery request at issue or attach a copy of the actual discovery document. Plaintiff's vague references to the discovery requests he seeks are insufficient to alert the Court to the alleged insufficiency of Defendant's responses.

Accordingly, and for the reasons stated on the record, Plaintiff's motion to compel is **DENIED**. (DE 28.)

### B.   Motion *in Limine*

To the extent any portion of Plaintiff's motion can be construed as a motion *in limine* to exclude evidence, such a motion is **DENIED WITHOUT PREJUDICE** as premature. In the interest of judicial economy such issues are better dealt with in the event this case survives summary judgment and proceeds to

5

trial. Further, any attempt to bring such a motion is not properly filed and is vague as to form. Should Plaintiff file any such motion in the future, it must be specific and succinct as to exactly what he seeks to exclude, the basis of the exclusion, and any legal arguments in support, with each item for which exclusion is sought to be separately introduced by numbered, bold-faced subheadings, and with all motion papers and briefs to be double-spaced.

### C. Final Pretrial Conference

Finally, this matter is set for a final pretrial conference on August 3, 2016 at 10:00 a.m. That conference is hereby **CANCELLED** and will be rescheduled, if necessary, after the disposition of Defendant's pending motion for summary judgment.

**IT IS SO ORDERED.**


Dated: July 27, 2016		s/Anthony P. Patti
		ANTHONY P. PATTI
		UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 27, 2016, electronically and/or by U.S. Mail.

		s/Michael Williams
		Case Manager for the
		Honorable Anthony P. Patti

6