## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Eric Santifer,

                    Plaintiff,          Case No. 15-cv-11486

v.                                  Judith E. Levy
                                  United States District Judge

Inergy Automotive Systems, LLC
and Jim Rebbeck,                  Mag. Judge Anthony P. Patti

                  Defendants.

_____/

## ORDER DENYING OBJECTIONS TO REPORT AND RECOMMENDATION [48], ADOPTING IN PART REPORT AND RECOMMENDATION [47], AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [29]

On April 24, 2015, *pro se* plaintiff Eric Santifer filed a complaint against defendants Inergy Automotive Systems, LLC and Jim Rebbeck, arguing they wrongfully terminated him on the basis of race. (Dkt. 1.) Defendants moved for summary judgment. (Dkt. 29.) On August 12, 2016, the Magistrate Judge issued a report and recommendation granting defendants' motion for summary judgment. (Dkt. 47.) On August 31, 2016, plaintiff filed objections to the report and recommendation. (Dkt. 48.) For the reasons set forth below, plaintiff's

objections are denied, the report and recommendation is adopted in part, and defendants' motion for summary judgment is granted.

## I.    Background

The factual background that led plaintiff to file his complaint has been set forth in detail in the report and recommendation and it will not be repeated here. (*See* Dkt. 47 at 4–7.)

In the report and recommendation, the Magistrate Judge recommended granting defendants' motion for summary judgment on the following grounds.  First, plaintiff's claim is time barred, even if considered under the doctrine of equitable estoppel.  (Dkt. 47 at 9–13.) Second, plaintiff has failed to state a *prima facie* case of discrimination. (*Id.* at 14–15.)  Third, even if plaintiff stated a *prima facie* case, he failed to rebut defendants' legitimate, nondiscriminatory reason for terminating his employment.  (*Id.* at 16–19.)  Fourth, as a matter of law, defendant Rebbeck cannot be held liable because he was not plaintiff's supervisor.  (*Id.* at 19.)

Plaintiff objects to each of the recommendations in the report and recommendation.  (Dkt. 48.)

## II.   Legal Standard

A magistrate judge's report and recommendation is made pursuant to 28 U.S.C. § 636(b)(1).   "[T]his recommendation has no presumptive weight," and the district judge "has the responsibility of making the final determination." *Patrick Collins, Inc. v. John Does 1-21*, 286 F.R.D. 319, 320 (E.D. Mich. 2012).   If a party objects to part or all of the report and recommendation, the district judge must review de novo those parts to which the party has objected. *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); Fed. R. Civ. P. 72(b)(3).   De novo review "entails at least a review of the evidence that faced the Magistrate Judge." *Lardie*, 221 F. Supp. 2d at 807.

After reviewing a report and recommendation, a court may "accept, reject, or modify the findings or recommendations." *Id*.  If the report and recommendation is adopted after de novo review, the court "need not state with specificity what it reviewed; it is sufficient for the [c]ourt to say that it has engaged in a de novo review." *Id*.

## III.  Analysis

Plaintiff objects to each of the reasons for granting defendants' motion for summary judgment that the Magistrate Judge set forth in

3

the report and recommendation.  (*See generally* Dkt. 48.)  Plaintiff first objects on the ground that January 15, 2015 cannot serve as the "official notification date" that would trigger the ninety-day statute of limitations.

A plaintiff alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, must file an administrative action with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court.  Once the EEOC makes a final decision, it will issue to the plaintiff a notice of his or her right to sue ("RTS"), and the plaintiff must file a civil suit in federal court within ninety days of receiving the RTS.  42 U.S.C. § 2000e-16(c).

In this case, plaintiff argues he filed his complaint with this Court within ninety days of receiving the RTS.  On January 14, 2015, the EEOC made a final determination in plaintiff's case, finding it was "unable to conclude that the information obtained [during its investigation of plaintiff's complaint] establishes violations of" Title VII. (Dkt. 1 at 5.)   That same day, the EEOC issued the RTS and communicated with plaintiff that the RTS would be mailed on January 15, 2015.  (Dkt. 48 at 1.)  The EEOC mailed the RTS, dated January 14,

2015, to the address on record for plaintiff, which was a P.O. Box that plaintiff "regularly checked . . . on Saturdays." (Dkt. 1 at 3.)  Plaintiff claims he checked the box on January 17, 2017, but had not received the RTS, and did not check the box again until January 25, 2015, at which point he received the notice.  (*Id*.)

To support his argument that he filed his complaint with the Court within the statute of limitations, plaintiff first argues that he was not told about "reply times and deadlines" by the EEOC.  He also argues that because he is a *pro se* litigant, he cannot be held to have prior knowledge of the five-day notification rule that states the ninety-day statute of limitations begins to run five days after the RTS notice has been mailed.  Finally, plaintiff argues that he had "compelling personal responsibilities to secure housing and employment prior to starting to work on" his complaint.  (Dkt. 48 at 1–4.)

Although plaintiff was not told by the EEOC that the mailing of the RTS would trigger the statute of limitations, he admits in his objections that he was informed by the EEOC on January 14, 2015 that the RTS would be mailed on January 15, 2015.  (Dkt. 48 at 1.)  Thus, because plaintiff knew the letter would be mailed on January 15, 2015,

5

and has not offered evidence to suggest it was not mailed on that day, plaintiff is presumed to have constructively received the RTS notification on January 15, 2015, the day the letter was mailed to plaintiff. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558–59 (6th Cir. 2000) (plaintiff constructively received RTS on the date it was mailed). The statute of limitations period began to run on January 20, 2015, and plaintiff was required to file his lawsuit by April 20, 2015.

The rule may seem harsh, but the Sixth Circuit is clear that "notice is *given* and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification . . . by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (emphasis in original). And this Court cannot alter this rule even for a *pro se* plaintiff, as "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit." *Id.*

6

Plaintiff also argues in his objections that he was delayed in filing his lawsuit because he was attempting to secure employment and housing. But he admits he began working on the complaint in late February (see Dkt. 48 at 3), which indicates he had at least seven weeks left in which to file the complaint before the deadline. Thus, after concluding a de novo review of the report and recommendation with regards to the statute of limitations issue, the Court concludes the magistrate judge accurately applied the law to the facts, and denies plaintiff's objection on this ground.

Because the Court finds plaintiff's claims are time barred, the Court need not address plaintiff's remaining objections. Accordingly, the Court adopts only the part of the report and recommendation about the statute of limitations issue, and defendants' motion for summary judgment is granted.

## IV.   Conclusion

For the reasons set forth above, plaintiff's objections are DENIED. (Dkt. 48.) The report and recommendation (Dkt. 47) is ADOPTED IN PART as to the statute of limitations issue and defendants' motion for summary judgment is GRANTED. (Dkt. 29.)

7

IT IS SO ORDERED.

Dated: February 1, 2017               s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager