# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Eric Santifer,

                Plaintiff,        Case No. 15-cv-11486

v.                                   Judith E. Levy
                                   United States District Judge

Inergy Automotive Systems, LLC,
and Jim Rebbeck,              Mag. Judge Anthony P. Patti

                Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [52]

On February 1, 2017, the Court granted the above-named defendants' motion for summary judgment. (Dkt. 50.) On March 24, 2017, *pro se* plaintiff Eric Santifer filed a letter with the Court, arguing he "did not receive competent legal representation in this matter," and refiling the objections he filed in response to the Magistrate Judge's Report and Recommendation, which recommended granting the motion for summary judgment. Plaintiff has also requested a record of the initial scheduling hearing and a copy of defendants' deposition. (Dkt. 52.)

This Court will treat plaintiff's letter and refiled objections as a motion for reconsideration. For the reasons set forth below, the motion for reconsideration is denied.

## I. Background

On April 24, 2015, plaintiff filed this lawsuit against defendants, arguing they wrongfully terminated him on the basis of race. The facts of this case have been set forth in detail in the Report and Recommendation (Dkt. 47), and will be incorporated by reference here. On February 1, 2017, the Court granted defendants' motion for summary judgment on the ground that plaintiff's claim was time-barred. (Dkt. 50.) Specifically, the Court held that plaintiff received notice from the EEOC that it had completed its investigation of his administrative action, and would be mailing his right to sue ("RTS") notice on January 15, 2015. (*Id.* at 4.) Therefore, because plaintiff knew the letter would be mailed that day, the ninety-day statute of limitations began to run on January 20, 2015 under the five-day mail rule, and plaintiff had until April 20, 2015, to file a complaint in federal court. (*Id.* at 6.) Plaintiff did not file the complaint until April 24, 2015, four days after the statute of limitations

expired, and defendants were therefore entitled to summary judgment. (*Id.* at 6–7.)

## II. Legal Standard

A motion for reconsideration should be granted "if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). "A palpable defect is one that is 'obvious, clear, unmistakable, manifest, or plain.'" *Majchrzak v. Cty. of Wayne*, 838 F. Supp. 2d 586, 596 (E.D. Mich. 2011).

## III. Analysis

Plaintiff argues the Court erred in granting defendants' motion for summary judgment for the same reasons as set forth in the objections to the Report and Recommendation. He also argues that he lacked sufficient legal counsel, and therefore the five-day mail rule should not apply to him.

First, the Court considered plaintiff's refiled objections in its original order denying the objections and granting defendants' motion for summary judgment. Plaintiff has presented no new arguments to

support the objections. Thus, there is no palpable defect in the Court's prior opinion and order, and the Court denies plaintiff's motion on these grounds. *See* L.R. 7.1(h)(3) ("the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court").

Plaintiff asserts he lacked competent legal representation in this matter, and the five-day mail rule therefore should not apply to him. As the Court stated in its prior opinion and order:

> The rule may seem harsh, but the Sixth Circuit is clear that "notice is *given* and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification . . . by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (emphasis in original). And this Court cannot alter this rule even for a *pro se* plaintiff, as "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit." *Id.*

(Dkt. 50 at 6.)

Accordingly, plaintiff is not entitled to relief on the ground that he has proceeded *pro se* in this litigation.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for reconsideration (Dkt. 52) is DENIED.

As for plaintiff's request for a copy of the scheduling hearing and defendants' depositions, plaintiff is directed to contact Magistrate Judge Patti's chambers and defendants for the relevant records.

IT IS SO ORDERED.

Dated: March 28, 2017        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2017.

                             s/Felicia M. Moses
                             FELICIA M. MOSES
                             Case Manager